UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mark W. Dobronski,

    Plaintiff,

v.                                                                                  Case No. 20-12112

American Insurance Brokers, LLC, *et al.*,          Sean F. Cox
                                                                    United States District Court Judge

    Defendants.
_____/

## OPINION & ORDER
## GRANTING MOTION TO REMAND

Plaintiff filed this action in state court against four defendants. Two of the four Defendants filed a Notice of Removal, purporting to remove the case to this Court. The matter is now before the Court on Plaintiff's Motion to Remand. The Court concludes that oral argument is not necessary and orders that the pending motion will be decided based upon the briefs. For the reasons set forth below, the Court shall GRANT the motion and remand this action to state court.

### BACKGROUND

On July 8, 2020, Plaintiff Mark W. Dobronski filed suit in Washtenaw County Circuit Court against the following four Defendants: 1) American Insurance Brokers, LLC ("American"); 2) Carlos Ayban Bastardo ("Bastardo"); 3) United Final Expense Services, Inc. ("United"); and 4) Douglas Charles Massi ("Massi"). That case was assigned case number 20-000643-NZ and was assigned to Judge Carol Kuhnke. Plaintiff's complaint asserts claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (Counts I through IV), the Michigan Home Solicitation Sales Act, Mich. Comp. Laws § 445.111 *et seq.* (Count V), and the

Michigan Telephone Companies as Common Carriers Act, Mich. Comp. Laws § 484.101 *et seq*. (Count VI).

On August 5, 2020, a Notice of Removal (ECF No. 1) was filed by attorney Noah Hurwitz. It states that Defendants American and Massi remove the action to federal court, based upon federal-question jurisdiction over Plaintiff's TCPA claims. The Notice of Removal, filed on August 5, 2020, states that "Defendants A[merican] and Massi sought consent for removal from Defendants" United and Bastardo, but United and Bastardo "stated that they had not been served with the lawsuit pending in the Washtenaw County Circuit Court." (*Id*. at 3). Attached to the Notice of Removal is Plaintiff's complaint (ECF No. 1-1) and the Register of Action for the state-court case. (ECF No. 1-2). That Register of Actions shows American and Bastardo as having been served on July 15, 2020 and reflects that Massi and United are "unserved."

Later, Hurwitz stated that he made a typographical error and that he actually represents United (not American) and Massi. Thus, the Notice of Removal was meant to have been filed on behalf of United and Massi. (ECF No. 5 at 2).

Thereafter, Plaintiff filed the instant "Motion to Remand." (ECF No. 4). In it, Plaintiff asserts that removal was improper because all Defendants that had been served as of the removal date of August 5, 2020 did not join in or consent to removal.

## ANALYSIS

"A civil case brought in state court may be removed to federal court if the action could have been brought in federal court originally." *White v. Medtronic, Inc.*, 808 F. App'x 290, 292 (6th Cir. 2020) (citing 28 U.S.C. § 1441(a)).

The removing party bears the burden of establishing that removal is proper. *Harnden v. Jayco, Inc.*, 496 F.3d 579, 582 (6th Cir. 2007). Moreover, "removal statutes are to be strictly

construed, and all doubts should be resolved against removal." *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017).

"In cases with multiple defendants," such as this one, "the 'rule of unanimity' requires that each defendant consent to removal. 28 U.S.C. § 1446(b)(2)(A); *see Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003)." *Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 761 (6th Cir. 2016). This means that "[i]n order for removal to be proper under § 1441(a), 'all defendants who have been properly joined and served must join in or consent to the removal of the action.' 28 U.S.C. § 1446(b)(2)(A); *see also Harper v. Auto Alliance Int'l, Inc.*, 392 F.3d 195, 201(6th Cir. 2004)." *White,* 808 F. App'x at 292.

The propriety of removal is determined at the time of removal. *Swanigan v. Amadeo Rossi, S.A.*, 617 F. Supp. 66, 67 (E.D. Mich. 1985).

Here, Defendants United and Massi filed the Notice of Removal on August 5, 2020. As of that date, all four of the named Defendants in the state-court action had been properly served. But Defendants American and Bastardo *did not* join in or consent to removal. (*See* ECF No. 6 at PageID.012, Affidavit of Bastardo, stating that "[n]either I nor A[merican] have given consent to the removal of this case from the Michigan 22nd Judicial Circuit Court to the United States District Court for the Eastern District of Michigan.). Accordingly, the removal was not proper and Plaintiff's Motion to Remand shall be granted.

## CONCLUSION & ORDER

IT IS ORDERED that Plaintiff's Motion to Strike Sur-Reply (ECF No. 8) is DENIED and Defendant United and Massi's Motion for Leave to File Sur-Reply (ECF No. 9) is GRANTED.

For the reasons set forth above, after considering all of the briefs filed and evidence

before the Court, IT IS ORDERED that Plaintiff's Motion to Remand is GRANTED and this case is REMANDED to the Washtenaw County Circuit Court.

    IT IS SO ORDERED.

                                                    s/Sean F. Cox
                                                    Sean F. Cox
                                                    United States District Judge

Dated: February 1, 2021